IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELVIN MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1108-DWD |
| | ) |
| WARDEN KINKS, WARDEN | ) |
| GOINES, and WARDEN | ) |
| BROOKHART,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kelvin Merritt, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Merritt alleges defendants retaliated against him and denied him access to medical care, water, and showers in violation of the First and Eighth Amendments.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] Merritt only mentions Kinks, Goines, and Brookhart in the caption of his Complaint. In the body of his Complaint he additionally identifies Lt. Hundley, Lt. DeWeese, C/O Crawford, C/O Atteberry, C/O Clark, Major Wheeler, Nurse Welty, Lt. Bucannon, Brooks, John Does 1-5, Lt. Gilreath, Penk, Trotter, Harroco, Bassinett, Lt. Williams, Jane Doe 1-11, and Sherry Benton.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

According to the Complaint, on November 1, 2018, and while on crisis watch, Warden Goines told Merritt that he would have to walk to the door (Merritt is in a wheelchair) and get his medications. Goins stated he was teaching Merritt a lesson for filing grievances on wardens at the facility (Doc 1-1, p. 5). While on crisis watch, he was denied medication, water, and showers (*Id.*). He was also denied drops and ointment for his one good eye. Although Warden Kinks indicated to Merritt that he knew about the conditions, he told Merritt he had to come off of his hunger strike and crisis watch. He also told Warden Brookhart about his lack of access to medical care, but she did not help him. His eye eventually became infected (*Id.* at p. 6).

## Discussion

Merritt includes a number of allegations against individuals who are not listed as defendants in the caption of his Complaint. He indicates that a number of individuals used excessive force on a number of occasions (Doc. 1, pp. 1-4). He also alleges that he was denied access to proper medical care and showers while on crisis watch and during hunger strikes (*Id.* at pp. 14-20). The Court will not treat parties not in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Thus, the only individuals in Merritt's caption and considered defendants are Kinks, Goines, and

Brookhart. To the extent Merritt identifies other individuals, those individuals are not considered defendants.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **First Amendment retaliation claim against Warden Goines for denying Merritt access to medical care in retaliation for filing grievances.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Warden Goines, Warden Kinks, and Warden Brookhart for denying Merritt access to his medications and care of his eye while on crisis watch.**
>
> **Count 3:** **Eighth Amendment conditions of confinement claim against Warden Kinks for denying Merritt showers and access to water while on crisis watch.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Merritt states a claim against the defendants in Counts 1, 2, and 3. All other individuals not considered Defendants are terminated from the docket.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

Accordingly, Count 1 shall proceed against Warden Goines, Count 2 shall proceed against Warden Goines, Warden Kinks, and Warden Brookhart, and Count 3 shall proceed against Warden Kinks.

The Clerk of Court shall prepare for Defendants Warden Goines, Warden Kinks, and Warden Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Merritt. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Merritt, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Merritt, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Merritt is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 24, 2021

_____
DAVID W. DUGAN
U.S. District Judge

<u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the

defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

       The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.