IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELVIN MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  20-cv-1108-RJD |
| | ) |
| KEVIN KINK, DEE DEE BOOKHART, and | ) |
| RUSSELL GOINS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Kelvin Merritt, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was retaliated against and denied access to medical care, water, and showers. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: First Amendment retaliation claim against Warden Goins for denying Plaintiff access to medical care in retaliation for filing grievances.
>
> Count Two: Eighth Amendment deliberate indifference claim against Warden Goins, Warden Kink, and Warden Brookhart for denying Plaintiff access to his medications and care of his eye while on crisis watch.
>
> Count Three: Eighth Amendment conditions of confinement claim against Warden Kink for denying Plaintiff showers and access to water while on crisis watch.

Defendants filed a Motion for Summary Judgment on Exhaustion (Doc. 35) that is now before the Court.  Defendants assert summary judgment is warranted because Plaintiff failed to

exhaust his administrative remedies prior to filing this lawsuit. In support of their motion, Defendants explain the allegations at issue in this case purportedly arose on November 1, 2018 and continued through Plaintiff's time on crisis watch at Lawrence (*see* Docs. 1, 11). Plaintiff's records show that Plaintiff was transferred from Lawrence to Dixon Correctional Center on March 1, 2019 (*see* Doc. 36-1). Thus, any grievances concerning Lawrence or Plaintiff's crisis watch conditions must have been filed by April 30, 2019 to be timely. Defendants assert Plaintiff filed 9 grievances that were submitted to the Administrative Review Board ("ARB") during the relevant time — November 1, 2018 to April 30, 2019. The Court has reviewed the grievances identified by Defendants and finds six grievances relate to the claims in this lawsuit. These grievances are set forth as follows:

    1. Grievance dated April 12, 2019 (Doc. 36-2 at 48-50): In this grievance, Plaintiff complains of various actions taken by staff members, including Warden Goins and Warden Kink regarding his conditions of confinement that took place on November 1, 2018. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received this grievance on May 13, 2019 and returned it without a decision on the merits on May 14, 2019. The ARB advised Plaintiff the grievance was not submitted in the required timeframe and found no justification for further consideration. The ARB also indicated that medical issues should be reviewed at an inmate's current facility.

    2. Grievance dated April 12/13, 2019 (Doc. 36-2 at 37-39): In this grievance, Plaintiff complains that he was placed on crisis watch from October 27, 2018 until March 1, 2019 and grieves his conditions of confinement. Plaintiff primarily complains about the actions of a mental health professional, but indicates that all the wardens were advised of his issues. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received

this grievance on May 21, 2019 and returned it without a decision on the merits on May 22, 2019. The ARB advised Plaintiff the grievance was not submitted in the required timeframe and found there was no justification for additional consideration.

3. Grievance dated April 12/13, 2019 (Doc. 36-2 at 42-44): In this grievance, Plaintiff complains of actions taken by a correctional officer and nurse, and asserts he was denied medical care and a shower. The only date mentioned in this grievance is October 28, 2018. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received this grievance on May 21, 2019 and returned it without a decision on the merits on May 22, 2019. The ARB advised Plaintiff there was no justification for additional consideration.

4. Grievance dated April 12/13, 2019 (Doc. 36-2 at 54-56): In this grievance, Plaintiff complains that in December 2018 he told a mental health staff member of certain ADA issues that affected his disciplinary tickets. He was ultimately advised to ask Warden Goins about his requests. Plaintiff complains that Goins did not allow Plaintiff the accommodations he sought in regards to his disciplinary tickets and hearings for the same. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received this grievance on April 17, 2019 and returned it without a decision on the merits on April 22, 2019. The ARB advised Plaintiff the grievance was not submitted in the required timeframe.

5. Grievance dated April 12/13, 2019 (Doc. 36-2 at 57-59): In this grievance, Plaintiff complains of issues concerning his confinement on October 26 and 27, 2018, and the excessive use of force by staff members who are not named as defendants. Plaintiff mentions his request for "crisis" in this grievance. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received this grievance on April 17, 2019 and returned it without a decision on the merits on April 22, 2019 because it was not submitted in the required timeframe.

6. Grievance dated April 13, 2019 (Doc. 36-2 at 40-41): In this grievance, Plaintiff complains that the disciplinary tickets against him should not have been heard while he was on crisis watch from October 27, 2018 until March 5, 2019. No individuals are identified. This grievance was written while Plaintiff was at Dixon and was sent directly to the ARB. The ARB received this grievance on May 21, 2019 and returned it without a decision on the merits on May 22, 2019. The ARB advised Plaintiff the grievance was not submitted in the required timeframe and found that the office had previously addressed a similar issue on April 22, 2019.

Along with their motion, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion for summary judgment and advising him of the perils of failing to respond (*see* Doc. 37). Plaintiff's response to the motion was due by June 27, 2022. No response, or any other filing, has been received from Plaintiff as of the date of this Order. The motion and notice were sent to Plaintiff's last known address as set forth on the docket sheet and there is no indication it was not received or that it was returned as undeliverable.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of

material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a

decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.  *Id.* § 504.840.  If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motion for summary judgment despite being provided ample time and opportunity to do so.  In failing to file a response, Plaintiff disregarded a Notice explaining the implications of this decision (Doc. 37).  The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed.  Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Although there are six grievances in the record that relate to certain claims in this lawsuit, there is no evidence that Plaintiff exhausted his available administrative remedies concerning the same. The ARB returned each of the six grievances to Plaintiff without a decision the merits because they were not submitted to the ARB within the required timeframe. Pursuant to 20 ILCS § 504.870, issues pertaining to a facility other than an inmate's current facility may be submitted directly to the ARB. In this instance, the grievances in the record fit into this category — Plaintiff was grieving incidents that occurred at Lawrence while he was at Dixon. Although § 504.870 does not set forth a time period in which these grievances must be filed, the Court finds the deadline set forth in 20 ILCS § 504.810(a) controls. Section 504.810(a) dictates that grievances must be filed with the counselor or Grievance Officer "within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." In the instance where an offender is complying with § 504.870, the ARB is, in effect, taking the place of the counselor or Grievance Officer. As such, the 60-day time period must be applied to ensure issues are timely addressed. In this instance, the ARB did not receive any grievance within 60 days of the date mentioned in his grievance. Plaintiff, therefore, failed to properly exhaust his administrative remedies. The Court finds no excuse for Plaintiff's failure to follow the grievance procedures and exhaust his claims against Defendants.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on Exhaustion (Doc. 35) filed by Defendants Goins, Kink, and Brookhart is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 22, 2022**

                                                *s/ Reona J. Daly*

                                                **Hon. Reona J. Daly**
                                                **United States Magistrate Judge**